**UNITED STATES BANKRUPTCY COURT**

**EASTERN DISTRICT OF CALIFORNIA**

In re:                                    ) Case No. 22-21184-B-13
                                          )
BERTHA LEE VALENTINE,                     ) Adversary No. 22-2086
                                          )
                                          )
                    Debtor(s).            )
                                          )
_____)
                                          )
BERTHA LEE VALENTINE,                     )
                                          )
                                          )
                    Plaintiff(s),         )
                                          )
v.                                        )
                                          )
ROY B. HOLMES, III, ALLIANCE             )
ROTH 401(k) PROFIT SHARING PLAN          )
AND TRUST, SHAWN O'CONNOR and            )
YELENA OSTROVSKY, as Trustees            )
of the Alliance Roth 401(k)              )
Profit Sharing Plan and Trust,           )
                                          )
                    Defendant(s).         )
_____)

**AMENDED**
**MEMORANDUM DECISION GRANTING PARTIAL SUMMARY JUDGMENT FOR**
**PLAINTIFF ON CLAIMS UNDER 11 U.S.C. § 362(a) IN THE EIGHTH AND**
**NINTH CLAIMS FOR RELIEF OF THE COMPLAINT**

This amended memorandum decision holds that *all* acts taken in violation of the automatic stay of 11 U.S.C. § 362(a) are void and are of absolutely no effect whatsoever regardless of whether the acts are willful or so-called "technical" automatic stay violations. This amended memorandum decision also holds that a bankruptcy court has the authority to declare acts that violate the automatic stay void independent of its authority to determine whether the violations warrant actual damages and attorney's fees under 11 U.S.C. § 362(k).

1

**I.**
**Introduction**

Plaintiff Bertha Valentine is 80 years old.  She is also the debtor in the parent Chapter 13 case.

Plaintiff filed the Complaint that commenced this adversary proceeding on August 29, 2022.  <u>See</u> Adv. Docket 1.  Generally, the Complaint alleges: (1) Plaintiff met with Defendant Roy B. Holmes, III, in Las Vegas, Nevada; (2) Holmes convinced Plaintiff it was necessary for Plaintiff to sign a Quitclaim Deed conveying her residence to him so that he could help Plaintiff with mortgage issues; (3) Plaintiff was unrepresented and did not understand the implications of signing the Quitclaim Deed; (4) Holmes obtained a rental agreement from occupants who reside with Plaintiff at her residence; (5) Holmes conveyed Plaintiff's residence to Defendant Alliance 401(k) Profit Sharing Plan and Trust; (6) Plaintiff sued Holmes in state court to void the Quitclaim Deed, recorded a lis pendens in the state court action, and thereafter filed a Chapter 13 bankruptcy case; (7) Alliance 401(k) Profit Sharing Plan and Trust conveyed Plaintiff's residence to Defendant Alliance Roth 401(k) Profit Sharing Plan and Trust; (8) in an effort to obtain title to and possession of Plaintiff's residence, Defendants (other than Holmes) retained an attorney by the name of Steffanie Stelnick who filed quiet title and unlawful detainer actions against Plaintiff and her residence in state court; and (9) transfers of the Plaintiff's residence occurred and were recorded - and attorney Steffanie Stelnick filed the quiet title and unlawful detainer actions in state court - after Plaintiff filed her bankruptcy petition.

1    Defendants Shawn O'Connor, Yelena Ostrovsky, Alliance 401(k)
2 Profit Sharing Plan and Trust, and/or Alliance Roth 401(k) Profit
3 Sharing Plan and Trust filed an answer on October 4, 2022.  See
4 Adv. Docket 8.  Defendant Holmes filed an answer on October 25,
5 2022.[1]  See Adv. Docket 23.

6    On October 25, 2022, the court issued an *Order and Notice of*
7 *Intent to Sua Sponte Grant Partial Summary Judgment for Plaintiff*
8 *on Eighth and Ninth Claims for Relief and Providing Opportunity*
9 *to Respond* (the "Order and Notice").  See Adv. Docket 24.  The
10 Order and Notice informed the parties of the court's intent to
11 *sua sponte* grant partial summary judgment for Plaintiff on claims
12 brought under 11 U.S.C. § 362(a) in the Eighth and Ninth Claims
13 for Relief of the Complaint.  It also noted the unique procedural
14 posture of this adversary proceeding which permitted the court to
15 consider facts undisputed for purposes of summary judgment.[2]

16    The Order and Notice further provided Defendants with an
17 opportunity to respond under Local Bankruptcy Rule 7056-1 by
18 November 15, 2022.  None of the Defendants availed themselves of
19 that opportunity.[3]

20 _____

21    [1]Holmes' default was entered on October 6, 2022, see Adv.
Docket 16, and vacated on October 29, 2022.  See Adv. Docket 26.
22
23    [2]The court noted that the Complaint is supported by
Plaintiff's declaration and authenticated exhibits which were
24 filed with the Complaint.  See Adv. Dockets 6, 7.  Defendants
have also made relevant admissions in a sworn declaration filed
25 in the parent Chapter 13 case.  See Bankr. Docket 23.

26    [3]Defendants' arguments in response or opposition to the
Order and Notice are deemed waived and forfeited.  See United
27 Student Aid Funds, Inc. v. Espinosa, 559 U.S. 260, 275 (2010)
("United therefore forfeited its arguments . . . by failing to
28 raise a timely objection in [the bankruptcy] court."); Reid and

**II.**
**Undisputed Facts**

The presence or absence of a genuine dispute of material fact lies at the core of the summary judgment process.  It is therefore critical that, when responding to a motion for summary judgment, a non-moving party challenge asserted undisputed facts.  See Fed. R. Civ. P. 56(c); Fed. R. Bankr. P. 7056.

Failure to dispute an assertion of fact permits the court to consider the fact undisputed for purposes of a motion for summary judgment and grant summary judgment.  See Fed. R. Civ. P. 56(e)(2)-(3);[4] Fed. R. Bankr. P. 7056.  This court's local rules also stress the importance of disputing assertions of undisputed facts.  See Local Bankr. R. 7056-1(b).[5]

---

Heller, APC v. Laski (In re Wrightwood Guest Ranch, LLC), 896 F.3d 1109, 1113 (9th Cir. 2018).  Oral argument is not necessary and it will not assist in the decision-making process.  See Local Bankr. R. 9014-1(h), 1001-1(f).  The hearing on December 6, 2022, will be vacated.

[4]The relevant part of the Civil Rule states as follows:
If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may:
[. . .]
(2)  consider the fact undisputed for purposes of the motion; [or]
(3)  grant summary judgment if the motion and supporting materials-including the facts considered undisputed- show that the movant is entitled to it[.]

[5]The relevant part of the local rule states as follows:
Any party opposing a motion for summary judgment or partial judgment shall reproduce the itemized facts in the Statement of Undisputed Facts and admit those facts which are undisputed and deny those which are disputed, including with each denial a citation to the particular portions of any pleading, affidavit, deposition,

The United States Supreme Court has stated that a party opposing summary judgment who "fail[s] specifically to challenge the facts identified in [a] statement of undisputed facts . . . is deemed to have admitted the validity of [those] facts[.]". Beard v. Banks, 548 U.S. 521, 527 (2006); accord Moon v. Rush, 69 F.Supp. 3d 1035, 1039-40 (E.D. Cal. 2014) (under local district court rule virtually identical to local bankruptcy court rule); Baroni v. NationStar Mortgage, Inc. (In re Baroni), 2015 WL 6956664, *6 (9th Cir. BAP Nov. 10, 2015) ("Once the moving party has presented facts as undisputed and has presented admissible evidence in support of those facts, the non-moving party may be deemed to have admitted those facts for summary judgment purposes unless he or she specifically challenges those facts and presents controverting evidence in support of his or her position.").

Defendants' failure dispute facts identified as undisputed means the following facts are admitted for present purposes:

(1)  Plaintiff resides at 3854 Townshend Circle, Stockton, California.  Adv. Docket 6 at ¶ 2.

(2)  Plaintiff acquired her residence with her now deceased husband in 2003.  Id. at ¶ 4; Adv. Docket 7 at Ex. 1.

(3)  Prior to her husband's death, Plaintiff and her husband held the residence as joint tenants.  Adv. Docket 6 at ¶ 5; Adv. Docket 7 at Ex. 2.

(4)  On or about September 22, 2011, Plaintiff conveyed her residence to a revocable trust and thereafter held

interrogatory answer, admission, or other document relied upon in support of that denial.  The opposing party may also file a concise 'Statement of Disputed Facts,' and the source thereof in the record, of all additional material facts as to which there is a genuine issue precluding summary judgment or adjudication.

the property as trustee of the trust.  Adv. Docket 6 at ¶ 7; Adv. Docket 7 at Ex. 3.

(5)  A June 10, 2021, Quitclaim Deed which purports to convey Plaintiff's residence to Holmes was recorded with the San Joaquin County Recorder on June 17, 2021, as Document No. 2021-104274.  Adv. Docket 6 at ¶¶ 12, 15; Adv. Docket 7 at Ex. 5; Bankr. Dkt. 23 at Ex. 2.

(6)  Disputing the validity of the Quitclaim Deed on the basis it was fraudulently obtained, on September 29, 2021, Plaintiff filed an action against Holmes in the San Joaquin County Superior Court (Case No. STK-CV-2021-0009120) which seeks to void the Quitclaim Deed.  Adv. Docket 6 at ¶ 17.

(7)  A lis pendens concerning the Plaintiff's state court action was recorded with the San Joaquin County Recorder on October 7, 2021, as Document No. 2021-168697, and on November 9, 2021, as Document No. 2021-187604.  Adv. Docket 6 at ¶ 18; Adv. Docket 7 at Ex. 7.

(8)  Plaintiff filed a Chapter 13 petition on **May 9, 2022** ("Petition Date").  Adv. Docket 6 at ¶ 19; Bankr. Docket 1.[6]

(9)  A **May 20, 2022,** Grant Deed which purports to transfer Plaintiff's residence from Holmes to Shawn O'Connor and Yelena Ostrovsky, Trustees of the Alliance 401(k) Profit Sharing Plan and Trust, was recorded with the San Joaquin County Recorder on **May 23, 2022,** as Document No. 2022-065505.  Adv. Docket 6 at ¶ 21; Adv. Docket 7 at Ex. 10; Bankr. Dkt. 23 at Ex. 4.

(10) An unrecorded **May 31, 2022,** Grant Deed purports to transfer Plaintiff's residence from Shawn O'Connor and Yelena Ostrovsky, Trustees of the Alliance 401(k) Profit Sharing Plan and Trust, to Shawn O'Connor and Yelena Ostrovsky, Trustees of the Roth 401(k) Profit Sharing Plan and Trust.  Adv. Docket 6 at ¶ 23; Adv. Docket 7 at Ex. 12.

(11) On or about **June 10, 2022,** a Three-Day Notice to Pay Rent or Quit signed by attorney Steffanie Stelnick was posted on Plaintiff's residence.  Adv. Docket 6 at ¶ 20; Adv. Docket 7 at Ex. 9.

(12) On **June 29, 2022,** attorney Steffanie Stelnick filed a complaint, which seeks to quiet title to Plaintiff's residence in Defendants Shawn O'Connor and

---

[6]The September 29, 2021, state court action was pending on the Petition Date.  See Bankr. Docket 1, Official Form 107, No. 9

1    Yelena Ostrovsky as Trustees of the Alliance Roth
     401(k) Profit Sharing Plan and Trust and which names
2    Plaintiff individually as a defendant, in the San
     Joaquin County Superior Court (Case #STK-CV-URP-2022-
3    0005483).  Adv. Docket 6 at ¶ 23; Adv. Docket 7 at Ex.
     12; Bankr. Dkt. 23 at Ex. 7.
4
5    (13) On **July 13, 2022**, attorney Steffanie Stelnick
     filed an unlawful detainer complaint in the San Joaquin
6    County Superior Court (Case #STK-CV-LUDR-2022-6501)
     which seeks to obtain possession of Plaintiff's
7    residence on behalf of Shawn O'Connor as Trustee of the
     Alliance Roth 401(k) Profit Sharing Plan and Trust.
8    Adv. Docket 6 at ¶ 24; Adv. Docket 7 at Ex. 13.

9    (14) A version of the Grant Deed of May 31, 2022, this
     one dated **June 7, 2022**, was recorded with the San
10   Joaquin County Recorder on **October 26, 2022**, as
     Document No. 2022-123236.  Bankr. Dkt. 21 at ¶ 5;
11   Bankr. Dkt. 21 at Ex. 8.[7]

12
                              **III.**
13                  **Jurisdiction and Venue**

14       The court has jurisdiction over this adversary proceeding

15   pursuant to 28 U.S.C. §§ 157(b)(2) and 1334.  The claims brought

16   under 11 U.S.C. § 362(a) in the Eighth and Ninth Claims for

17   Relief are core matters under 28 U.S.C. §§ 157(b)(2)(A), (G), and

18   (O).  Venue is proper under 28 U.S.C. §§ 1408 and 1409.

19

20                            **IV.**
                 **Applicable Legal Standard**
21
         Civil Rule 56(f) - made applicable in this adversary
22
     proceeding by Bankruptcy Rule 7056 - states as follows:  "After
23
     giving notice and a reasonable time to respond, the court may:
24
     . . . (3) consider summary judgment on its own after identifying
25

26   ────────────────────

27       [7]"The court need not consider only the cited materials, but
     it may consider other materials in the record."  Fed. R. Civ. P.
28   56(c)(3); Fed. R. Bankr. P. 7056.

                                 7

1  for the parties material facts that may not be genuinely in

2  dispute." Fed. R. Civ. P. 56(f)(3); see also Norse v. City of

3  Santa Cruz, 629 F.3d 966, 971-73 (9th Cir. 2010) (en banc).

4      Summary judgment is warranted when there is no genuine

5  dispute as to any material fact and judgment may be entered as a

6  matter of law.  See Fed. R. Civ. P. 56(a); Fed. R. Bankr. P.

7  7056.  A motion for summary judgment calls for a "threshold

8  inquiry" into whether a trial is necessary, that is, whether

9  there are "any genuine factual issues that properly can be

10 resolved only by a finder of fact because they may reasonably be

11 resolved in favor of either party." Anderson v. Liberty Lobby,

12 Inc., 477 U.S. 242, 250 (1986).  The court does not weigh

13 evidence or assess credibility; rather, it determines which facts

14 are not disputed then draws all inferences and views all evidence

15 in the light most favorable to the non-moving party.  See Id. at

16 255; Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S.

17 574, 587-88 (1986).  "Where the record taken as a whole could not

18 lead a rational trier of fact to find for the non-moving party,

19 there is no 'genuine issue for trial.'" Matsushita, 475 U.S. at

20 587; see also C.A.R. Transp. Brokerage Co. v. Darden Restaurants,

21 Inc., 213 F.3d 474, 480 (9th Cir. 2000) (citations, internal

22 quotations omitted).

**V.
Analysis**

*A.*
*Applicability of the Automatic Stay*

27     The filing of a bankruptcy petition invokes the automatic

28 stay of 11 U.S.C. § 362(a) which "effect[s] an immediate freeze

8

of the *status quo* by precluding and nullifying post-petition actions, judicial or nonjudicial, in nonbankruptcy fora against the debtor or affecting the property of the estate." <u>Mwangi v. Wells Fargo Bank, N.A. (In re Mwangi)</u>, 764 F.3d 1168, 1173 (9th Cir. 2014) (emphasis in original, quotation omitted).

The scope of the automatic stay is expansive. As noted in <u>In re Daniel</u>, 404 B.R. 318 (Bankr. N.D. Ill. 2009), it applies to three kinds of activity:

> (1) activity directed against "the debtor" personally, such as "the commencement or continuation ... of a judicial, administrative, or other action or proceeding against the debtor" (11 U.S.C. § 362(a)(1));

> (2) activity directed against property of the debtor's estate, such as "any act to obtain possession of property of the estate" or "of property from the estate" or "to exercise control over property of the estate" and "any act to create, perfect or enforce any lien against property of the estate" (11 U.S.C. §§ 362(a)(3) and (4)); and

> (3) activity directed against "property of the debtor," such as "any act to create, perfect, or enforce against property of the debtor any lien to the extent that such lien secures a claim that arose before the commencement of the case" (11 U.S.C. § 362(a)(5)).

<u>See</u> <u>Id.</u> at 322.

In the present context, the automatic stay protects Plaintiff individually as a Chapter 13 debtor.

The automatic stay also protects an interest Plaintiff had in her residence when she filed her bankruptcy petition.

All of a debtor's legal and equitable interests in property become property of the estate when a bankruptcy case is filed. <u>See</u> 11 U.S.C. § 541(a)(1). Bankruptcy courts look to state law to ascertain the extent of a debtor's legal and equitable interests at the start of a bankruptcy case and, thus, the extent

1  of property of the estate under 11 U.S.C. § 541(a)(1) protected

2  by the automatic stay of 11 U.S.C. § 362(a).  Butner v. United

3  States, 440 U.S. 48, 54-55 (1979); Lowenschuss v. Selnick (In re

4  Lowenschuss), 170 F.3d 923, 929 (9th Cir. 1999).  The applicable

5  state law here is California lis pendens law.[8]

6        A lis pendens is a real property interest under California

7  law.  As the Ninth Circuit explained in Hurst Concrete Products,

8  Inc. v. Lane (In re Lane), 980 F.2d 601 (9th Cir. 1992), "under

9  California law, *a party attains an interest* [in real property]

10 superior to subsequent purchasers upon recordation of the lis

11 pendens."  Id. at 606 (emphasis added); see also United States v.

12 $3,124,977.28 in U.S. Currency, 239 Fed.Appx. 335, 3352007 WL

13 1814329, *1 (9th Cir. June 22, 2007) ("Under California law, a

14 properly recorded and indexed lis pendens provides parties who

15 subsequently acquire an interest in the property with

16 constructive notice of the interest reflected in the lis

17 pendens.").

18       The interest represented in the lis pendens is contingent

19 until a judgment in the underlying litigation is entered at which

20 point the contingency is removed and the interest is quantified.

21 See Lane, 980 F.2d at 605 ("Until judgment, [plaintiff's]

22 interest [under the recorded lis pendens] may have been the

23 entire property, a lien on the property, or zero interest in the

24

25       [8]Federal courts look to state lis pendens law.  Singh v.
   Baidwan, 2017 WL 616436, *1 (E.D. Cal. Feb. 14, 2017).  The
26 California legislature has also stated that California's lis
   pendens laws should apply in federal court.  See Cal. Code Civ.
27 P. § 405.5 ("This title applies to an action pending in any
   United States District Court in the same manner that it applies
28 to an action pending in the courts of this state.").

property."); see also United States v. Alvarado, 108 F.3d 339, 1997 WL 68037, *1 (9th Cir. Feb. 18, 1997) ("The government was merely protecting its potential interest in the property by filing the lis pendens [under California law].").[9]  The contingent interest, however, is no less property of the bankruptcy estate.  Neuton v. Danning (In re Neuton), 922 F.2d 1379, 1382-83 (9th Cir. 1990); see also Anderson v. Rainsdon (In re Anderson), 572 B.R. 743, 747 (9th Cir. BAP 2017) ("In this Circuit, any contingent interest of the debtor 'sufficiently rooted in the pre-bankruptcy past' is estate property, even if the contingency is not satisfied until after the bankruptcy is filed."); Jones v. Mullen (In re Jones), 2014 WL 465631, *5 (9th Cir. BAP Feb. 5, 2014) (citing Neuton as "longstanding Ninth Circuit precedent which holds that property of the estate under § 541(a)(1) includes contingent interests.").  And as such, it is protected by the automatic stay of 11 U.S.C. § 362(a).

Applying the foregoing principles here, Plaintiff recorded a lis pendens concerning her residence in October and November

---

[9]The contingent nature of the interest pending judgment is also reflected in Cal. Code Civ. P. § 405.24 which states:
> From the time of recording the notice of pendency of action, a purchaser, encumbrancer, or other transferee of the real property described in the notice shall be deemed to have constructive notice of the pendency of the noticed action as it relates to the real property and only of its pendency against parties not fictitiously named.  *The rights and interest of the claimant in the property, as ultimately determined in the pending noticed action, shall relate back to the date of the recording of the notice.*

(Emphasis added).

2021.  Inasmuch as the lis pendens was of record on the Petition Date, *i.e.*, May 9, 2022, and as of the Petition Date judgment had not been entered in the litigation from which the lis pendens arises, Plaintiff had a contingent interest in her residence when she filed her bankruptcy case.  The contingent interest became - and remains - property of Plaintiff's bankruptcy estate.  As such, it is protected by the automatic stay.

*B.*
*Violations of the Automatic Stay*

Automatic stay violations may be willful or technical.

"A willful violation is satisfied if a party knew of the automatic stay, and its actions in violation of the stay were intentional."  Eskanos & Adler, P.C. v. Leetien, 309 F.3d 1210, 1215 (9th Cir. 2010) (citing Pinkstaff v. United States (In re Pinkstaff), 974 F.3d 113, 115 (9th Cir. 1992)).  Intent to violate the automatic stay is irrelevant and only the actions themselves need be intentional.  Pinkstaff, 974 F.3d at 115 (citing Goichman v. Bloom (In re Bloom), 875 F.2d 224, 227 (9th Cir. 1989)).

A technical violation may occur when actions are taken without notice of the bankruptcy case or knowledge of the automatic stay.  In re Iezzi, 504 B.R. 777, 792 (Bankr. E.D. Pa. 2014); In re Kline, 424 B.R. 516, 523 (Bankr. N.M. 2010).

In the Ninth Circuit, "violations of the automatic stay [are] void, not voidable."  Schwartz v. United States (In re Schwartz), 954 F.2d 569, 571 (9th Cir. 1992); see also Gruntz v. County of Los Angeles (In re Gruntz), 202 F.3d 1074, 1082 (9th Cir. 2000) (en banc).

1    Nevertheless, the Ninth Circuit Bankruptcy Appellate Panel

2 recently suggested that a technical violation may be voidable:

3          This panel has expressed some support for 'the idea
           that a technical violation of stay will not necessarily
4          make that violation void.'  Wash. Mut. Sav. Bank v.
           James (In re Brooks), 79 B.R. 479, 481 (9th Cir. BAP
5          1987), *aff'd on other grounds*, 871 F.2d 89 (9th Cir.
           1989); see also Jones v. Wingo (In re Wingo), 89 B.R.
6          54, 57 (9th Cir. BAP 1988) (stating in dicta that
           '[t]here are situations in which a technical violation
7          of the stay will not necessarily render that violation
           void').  The Ninth Circuit has expressly 'refrain[ed]
8          from addressing the validity of the Brooks exception."
           Schwartz v. United States (In re Schwartz), 954 F.2d
9          569, 574-75 (9th Cir. 1992).

10 Koeberer v. California Bank of Commerce (In re Koeberer), 632

11 B.R. 680, 690 n.4 (9th Cir. BAP 2021).

12    The Ninth Circuit has not adopted the so-called "Brooks

13 exception."  And this court doubts it would for several reasons.

14    First, the Ninth Circuit continues to recognize that

15 Schwartz stands for the proposition that *all* violations of the

16 automatic stay are void.  Indeed, it said so in Burkart v.

17 Coleman (In re Tippett), 542 F.3d 684 (9th Cir. 2008):

18         In interpreting 11 U.S.C. § 362(a), we do not write on
           a clean slate.  In Schwartz, we addressed the question
19         whether violations of the automatic stay by creditors
           were void ab initio or simply voidable.  954 F.2d at
20         570-71.  We concluded that the purpose of the
           provision—namely, broad protection of debtors from
21         creditors—could be vindicated only if *all* violations
           were rendered void, not merely voidable.  Id. at 571.
22
   Id. at 691 (emphasis added); see also Bank of New York Mellon,
23
   fka Bank of New York, as Trustee for the Certificate Holders of
24
   CWALT, INC., Alternative Loan Trust 2005-54CB, Mortgage Pass-
25
   Through Certificates Series 2005-54CB v. Enchantment at Sunset
26
   Bay Condominium Assoc., 2 F.4th 1229, 1235 (9th Cir. 2021)
27
   (VanDyke, J., concurring) (stating "we have consistently
28

13

1   reapplied <u>In re Schwartz</u> to affirm that *any* violations of the

2   automatic stay provision are indeed void[.]." (Emphasis added)).

3        Second, the authority on which the so-called "<u>Brooks</u>

4   exception" is based is questionable, at best.  The Ninth Circuit

5   affirmed <u>Brooks</u> on standing grounds which means it did not reach

6   the void/voidable issue.  <u>James v. Washington Mut. Sav. Bank (In</u>

7   <u>re Brooks)</u>, 871 F.2d 89, 90 (9th Cir. 1989).  It was also

8   recently noted that the suggestion in <u>Brooks</u> that some automatic

9   stay violations are voidable is "inconsistent with [the

10  Circuit's] more recent bankruptcy jurisprudence."  <u>Bank of New</u>

11  <u>York Mellon</u>, 2 F.4th at 1236 (VanDyke, J., concurring) (so

12  stating).  And <u>Wingo</u> was largely discredited in <u>40235 Washington</u>

13  <u>Street Corp. v. Lusardi</u>, 329 F.3d 1076, 1083 (9th Cir. 2003).

14       Third, the BAP has retreated from the so-called "<u>Brooks</u>

15  exception" and, in so doing, has aligned itself with more recent

16  Ninth Circuit authority:

17       The voidness of acts and judicial proceedings pursued
         in violation of the stay is a critical feature of one
18       of the most important provisions of the Bankruptcy
         Code, because it helps to ensure that the stay is
19       self-executing. [].

20       *For voidness purposes, it makes no difference whether*
         *the stay violator was aware of the stay when he or she*
21       *violated the stay.* []. Regardless, all acts and
         judicial proceedings undertaken in violation of the
22       stay are void. [].

23  <u>Carter v. Barber (In re Carter)</u>, 2016 WL 1704719, *4 (9th Cir.

24  BAP April 22, 2016) (emphasis added, internal citations omitted);

25  <u>In re Gagliardi</u>, 290 B.R. 808, 814 (Bankr. D. Colo. 2003)

26  ("Actions taken in violation of the automatic stay are void and

27  of no force or effect, even when there is no actual notice of the

28  existence of the stay.").

14

The point here is that all acts that violate the automatic stay are void without regard to any knowledge or notice of a bankruptcy case or the automatic stay. The latter is relevant, of course, for purposes of determining if damages and attorney's fees are warranted under 11 U.S.C. § 362(k). But that determination exists independent of the bankruptcy court's authority to declare void all acts that violate the automatic stay. In re Parast, 612 B.R. 710, 716 (Bankr. D.S.C. 2020) (stating that damages are in addition to a void act and citing Davis v. Blair (In re Davis), C/A No. 17-06271-JW, Adv. Pro. No. 18-80038-JW (Bankr. D.S.C. Oct. 3, 2018), as an example where the bankruptcy court voided an arrest warrant and held a later hearing to determine if the non-debtor who pursued proceedings that resulted in the arrest warrant was liable for damages).

Turning to acts taken against Plaintiff and her contingent interest in her residence, the following postpetition acts violate the automatic stay, are void, and are of no effect:

> (1) the **May 20, 2022,** Grant Deed and its recordation on **May 23, 2022,** are **VOID** as a violation of 11 U.S.C. § 362(a)(3);

> (2) the Grant Deeds of **May 31, 2022,** and **June 7, 2022,** and the recordation of the latter on **October 26, 2022,** are **VOID** as a violation of 11 U.S.C. § 362(a)(3);

> (3) the notice to quit posted on Plaintiff's residence on or about **June 10, 2022,** is **VOID** as a violation of 11 U.S.C. §§ 362(a)(1), (a)(3), and/or (a)(6);

> (4) the actions filed in state court on **June 29, 2022,** and **July 13, 2022,** are **VOID** as violations of 11 U.S.C. §§ 362(a)(1), (a)(3), and/or (a)(6).[10]

_____

[10]Defendants (except Holmes) have moved for relief from the automatic stay to proceed with their June 29, 2022, quiet title action under 11 U.S.C. § 362(b)(24). To the extent not waived or

The underlying objective of each of the foregoing acts was to divest Plaintiff of all right, title, interest in - and ownership and possession of - her residence by postpetition transfers of the residence, recordation of the transfers, and confirmation and ratification of both through state court litigation.  In that regard, each act is in some measure an exercise of control over the contingent interest that Plaintiff had in her residence when she filed her bankruptcy case and thus, at a very minimum, each act is an exercise of control over property of the Plaintiff's bankruptcy estate.  As explained above, at this juncture the court need not determine who knew what with regard to the Plaintiff's bankruptcy case and/or the automatic stay when each act occurred.  That determination will be made at a later date for purposes of damages and attorney's fees under 11 U.S.C. § 362(k).  Suffice it to say for present purposes, the above-described acts are void and of no effect.

**VI.**
**Conclusion**

For all the foregoing reasons, and good cause appearing, partial summary judgment will be **GRANTED** for Plaintiff and against Defendants on the Eighth and Ninth Claims for Relief of the Complaint as and to the extent stated hereinabove.

---

forfeited, the argument is rejected.  Section 362(b)(24) states that a filed petition does not operate as a stay under "[362(a)] of any transfer that is not avoidable under section 544 and that is not avoidable under section 549."  11 U.S.C. § 362(b)(24).  By its terms, the exception applies to a transfer of property. Defendants' quiet title action is not a transfer.  It is litigation.  The exception is inapplicable.

1    The acts identified in paragraphs (1)-(4) on page 15 of this

2  amended memorandum decision are **VOID** and of no legal effect

3  whatsoever.

4    A separate order will issue.

5

6  **Dated:** December 02, 2022

7

8                                        Christopher D. Jaime, Judge

9                                        United States Bankruptcy Court

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**INSTRUCTIONS TO CLERK OF COURT**
**SERVICE LIST**

The Clerk of Court is instructed to send the attached document, via the BNC, to the following parties:

Fred A. Ihejirika
1600 Sacramento Inn Way #109
Sacramento CA 95815

Sanaz S. Bereliani
12100 Wilshire Blvd., 8th Floor
Los Angeles CA 90025

Roy B. Holmes III
1690 Willow Park Way
Stockton CA 95206